**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GREGORY BARROW,** : | |
| Plaintiff, : | |
| : | **Civil Action** |
| v. : | **No. 2:22-cv-03322-GAM** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| Defendants. : | |

## ORDER

AND NOW, this _____ day of _____, 2022, upon consideration of the Motion to Dismiss Plaintiff's Complaint, brought by the City of Philadelphia and Bruce Herdman, it is **HEREBY ORDERED** that the Motion is **GRANTED.** Plaintiff's claims against Defendants City of Philadelphia and Bruce Herdman, in his individual and official capacities, are **DISMISSED**.

BY THE COURT:

_____
GERALD A. McHUGH, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GREGORY BARROW,** : | |
| Plaintiff, : | |
| : | Civil Action |
| v. : | No. 2:22-cv-03322-GAM |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| Defendants. : | |

### DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM

Defendants City of Philadelphia and Bruce Herdman, by and through the undersigned counsel, hereby file this Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this Motion, Defendants incorporate the attached Memorandum of Law. Defendants respectfully request that this Court dismiss the claims asserted against them, with prejudice.

Respectfully submitted,

*/s/ Matthew K. Hubbard*

Matthew Kevin Hubbard
Senior Attorney
Pa. Attorney ID No. 44110
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5391 (Phone)
215-683-5397 (Fax)
matthew.hubbard@phila.gov

*Attorney for Defendants City of Philadelphia and Bruce Herdman*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GREGORY BARROW,** <br>    **Plaintiff,** <br> <br>              v. <br> <br> **CITY OF PHILADELPHIA, et al.,** <br>    **Defendants.** | : <br> : <br> : <br> :     **Civil Action** <br> :     **No. 2:22-cv-03322-GAM** <br> : <br> : <br> : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM**

**I.     INTRODUCTION**

By his Complaint (ECF Doc. 1), Plaintiff alleges that he received insufficient healthcare while incarcerated at the Philadelphia Department of Prisons ("PDP") – incorrectly identified as the Philadelphia Prison System – from November 25, 2021 to December 31, 2021.  Contrary to his assertion, Plaintiff received ample care during his period of incarceration, one week of which was spent inpatient at a local hospital.  While he disagrees with the course of care provided by PDP and its contracted medical provider, Plaintiff cannot establish a claim that he sustained a constitutional harm as a result of that care.  Nor does he plausibly allege facts sufficient to support his federal or state law claims against Bruce Herdman, the Chief of Medical Operations at the PDP, or the City of Philadelphia.  Consequently, and for the reasons that follow, the City and Mr. Herdman move to dismiss Plaintiff's Complaint in its entirety.

**II. BACKGROUND**

Plaintiff was incarcerated at PDP from November 25, 2021 to December 31, 2021. Compl. ¶¶ 17-46.  Early in his incarceration, Plaintiff identified a pimple on his right buttock, for which he was prescribed antibiotics.  *Id.* ¶¶ 20-22.  Though he was provided antibiotics to treat that issue, his skin condition worsened over the next few days and, on December 9, 2021, he was

transported to a local hospital for additional care. *Id.* ¶¶ 27-29. He was seen by a Corizon-employed doctor upon his return from the hospital on December 10, and was, later that same day, transferred to another hospital for surgery on his buttock boil. *Id.* ¶¶ 30-31. Plaintiff was an inpatient at Nazareth hospital for a week, and returned to PDP on December 16, 2022, at which time he saw another Corizon-employed medical provider. *Id.* ¶¶ 34-37. Plaintiff remained on antibiotics, albeit not the medication he preferred, during the remainder of his incarceration, from December 16 to December 31, 2022, during which time he also saw several medical providers. *Id.* ¶¶ 39-46. In total, during the approximately four to five weeks of his incarceration, Plaintiff was seen or treated by eight Corizon-employed medical care providers. *Id* ¶¶ 5, 54. Two weeks after his release, Plaintiff returned to Nazareth for additional surgery because his wound condition had worsened over the time period since his release from custody. *Id.* ¶¶ 47-48.

Plaintiff alleges that Bruce Herdman was the "chief medical officer at the PPS during the time period of Plaintiff's incarceration" and that he was a "final decision maker" for all medical treatment decisions, who was "personally involved in the decision-making that led to the averments contained" in the complaint. Compl. ¶¶ 56-60. As discussed below, these averments are impertinent, made in blatant contradiction of publicly available information and evidence adduced in other cases, and cannot be credited.

Plaintiff brings five claims: 42 U.S.C. § 1983 Failure to Protect and Denial of Medical Care (Count I, against all Defendants); 42 U.S.C. § 1983 Supervisory Liability (Count II, against Corizon, Bruce Herdman, and "D.O.E."); 42 U.S.C. § 1983 Municipal Liability (Count III, against the City of Philadelphia and Corizon); Negligence/Non-medical Negligence (Count IV,

against Corizon and all individual Defendants); and Vicarious Liability (Count VIII,[1] against Corizon).

For the reasons that follow, Defendants Bruce Herdman and the City of Philadelphia move to dismiss Plaintiff's claims in their entirety.

### III. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See id.* Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (citations and quotations omitted).

### IV. ARGUMENT

Plaintiff's Complaint, the gravamen of which is complaints about the care provided by contracted medical care providers at the Philadelphia Department of Prisons over a two-month period in late 2021, should be dismissed in its entirety as to the City of Philadelphia and Bruce Herdman.  Four of Plaintiff's five counts implicate the moving defendants – as to Bruce Herdman, Counts I ("failure to protect and denial of medical care"); II (Supervisory Liability); and IV (Negligence/non-medical negligence); and as to the City, Count III (municipal liability). Plaintiff fails to state any of these claims for several reasons.

---

[1] This count is listed in the Complaint as "Count VIII," but this is presumably a typographical error since there are only five claims. It is recreated here for consistency with the operative pleading.

3

First, Plaintiff's allegations about Bruce Herdman are not plausible, and, absent those implausible allegations, Plaintiff does not establish the personal involvement of Dr. Herdman[2] in his medical care or in the supervision of medical personnel's treatment decisions, warranting dismissal of Counts I and II.[3]  Second, Pennsylvania law precludes Plaintiff from pursuing a claim of negligence against Dr. Herdman, warranting dismissal of Count IV.  Third, even had Plaintiff sufficiently alleged a constitutional violation arising out of the abundant medical care he was provided during his five-week incarceration, which, as discussed, he has not, he still fails to allege sufficient facts to state a claim that the City can be held liable for such constitutional harm.

These deficiencies are addressed in turn.

> A. Plaintiff's Allegations Regarding Bruce Herdman Are Not Plausible, and Do Not Establish Dr. Herdman's Personal Involvement in the Alleged Harms

As noted above, Plaintiff specifically alleges that Bruce Herdman is the "medical director and chief medical officer at the PPS" and that, in that capacity he "was the final decision maker of medical policy and treatment for all prisoners at the PPS during the time period of Plaintiff's incarceration[.]" Compl. ¶¶ 57-58.  These allegations are blatantly incorrect and should not be credited by the Court in its consideration of the instant motion.  Rather than a medical provider, as alleged by Plaintiff, Dr. "Herdman is the Chief of Medical Operations for the Philadelphia Mental Health Care Corporation. [He] is not a medical doctor, but instead a healthcare administrator." *Marquez v. City of Philadelphia*, No. 14–1284, 2015 WL 5139408, at *5 n.15

---

[2] Bruce Herdman holds a doctorate degree in Economics, as Plaintiff's attorney knows from a deposition he took of Bruce Herdman in October of 2020.

[3] Plaintiff also does not allege any facts suggesting that he was injured by other incarcerated people, such that he fails to establish a failure to protect claim. *See Beers Capitol v. Whetzel*, 256 F.3d 120, 131 (3d Cir. 2001) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

4

(E.D. Pa. Sept. 1, 2015); *see also Noisette v. City of Philadelphia*, No. 16-6419, 2017 WL 4765650 (E.D. Pa. Oct. 20, 2017) (alleging that Bruce Herdman serves as Chief of Medical Operations).

Absent these improper allegations, Plaintiff makes no contention that Dr. Herdman was personally involved in the provision of or supervision over any of his complained-of medical care. Instead, he expressly alleges that he was seen by eight providers over the course of five weeks, during one of which he was inpatient at another facility. *See generally* Compl. Absent any actual, plausible allegations of personal involvement, Plaintiff cannot establish his claims against Dr. Herdman, and they should be dismissed. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Santiago-Espinosa v. Wellpath Medical*, No. 22-2677, 2022 WL 3588316 at *3 (E.D. Pa. Aug. 22, 2022) (dismissing claims against a physician's assistant for failure to allege personal involvement in the challenged care).

        B.        <u>In the Alternative, State Law Precludes Plaintiff From Recovering Against Bruce Herdman in Negligence</u>

Plaintiff claims that Bruce Herdman is liable for negligence. This claim is precluded by the Pennsylvania Political Subdivision Tort Claims Act, which applies to tort claims brought against local municipalities and their employees. Generally, the "Tort Claims Act municipalities immunity from liability for any damages resulting from an injury to a person or property caused by an act of the municipality, its employee, or any other person, except in certain enumerated exceptions." *Dixon v. City of Philadelphia*, No. 20-6515, 2021 WL 3722276, at *6 (E.D. Pa. Aug. 23, 2021) (citing 42 Pa. Cons. Stat. Ann. §§ 8541, *et seq.*). Medical negligence is not one of the enumerated exceptions that permits a claim for negligence under this statutory structure and, as a result, this claim should be dismissed. *See id.* (dismissing state law medical care claims against defendants including Corizon).

### C. Plaintiff Fails to State a Constitutional Claim, Let Alone Municipal Liability for Same

A municipality, such as the City, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) ("*Monell*"). Rather, "it is when execution of a government's policy . . . inflicts the injury that the government as an entity is responsible under § 1983." *Id.*; *see also*, *Mulholland*, 706 F.3d at 237 ("Section 1983 does not permit a municipality to be held vicariously liable for the acts of its employees"). To prevail against the City in a § 1983 claim, a plaintiff must allege that (1) a constitutionally protected right has been violated and (2) the alleged violation resulted from a municipal policy or custom that exhibits deliberate indifference to rights of citizens. *Monell*, 436 U.S. at 694-95. Here, Plaintiff does neither.

First, Plaintiff does not allege facts sufficient to establish that he was unconstitutionally deprived of necessary medical care. *See generally* Compl. In order to prove deliberate indifference, a plaintiff must demonstrate that he displayed objective signs of a "sufficiently serious" medical need and that the defendant was subjectively aware of a substantial risk of serious harm but nonetheless made the deliberate choice to take no action. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Fox v. Horn*, No. 98-5279, 2000 WL 49374, at **3-4 (E.D. Pa. Jan. 21, 2000); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002). Put differently, under the standards set forth by the United States Supreme Court in *Farmer*, for liability to attach "defendants have to be aware of the facts which cause one to infer that a substantial risk of harm exists, and [must] actually make the inference." *Fox*, 2000 WL, at *4 (citing *Farmer*, 511 U.S. at 837)). As further explained by the Supreme Court, "an official's failure to alleviate a significant risk that he *should* have perceived but did not, while no cause for

6

commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838 (emphasis added).

      In the context of a claim arising out of the medical care provided to an incarcerated person by prison healthcare providers, a plaintiff's disagreement with "the type and extent of care he received [. . .] does not rise to the level of deliberate indifference." *Lewis v. English*, No. 20-2790, 2022 WL 407376, at *3 (E.D. Pa. Feb. 10, 2022). Here, Plaintiff seeks to do just that. He was seen by eight providers, he was consistently prescribed antibacterial medication, he was sent to two outside medical facilities, and he was kept inpatient at one such facility for a week, all within a five-week time period. *See generally* Compl. While his alleged outcome is certainly lamentable, nothing in this course of conduct suggests that he experienced the constitutional harm of deliberate indifference to a serious medical need. *See Lewis*, 2022 WL 407376, at *2-3. While this failure to allege facts giving rise to a constitutional claim undermines his claims against the individual defendants, it is also fatal to his claim against the City. Stated another way, because Plaintiff fails to allege a plausible constitutional violation against any defendant, his derivative claim against the City fails as well. *See, e.g.*, *Mulholland v. County of Berks*, 706 F.3d 227, 238 n.15 (3d Cir. 2013) ("It is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim.").

      Second, even if he had sufficiently alleged a constitutional harm (which he has not), Plaintiff does not allege sufficient facts to establish municipal liability for same. In adjudicating *Monell* claims, "courts have recognized a two-path track to municipal liability under § 1983, depending on whether the allegation is based on municipal policy or custom." *Mulholland v. County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013) (citations and quotations omitted). A policy occurs when a decisionmaker with final authority "issues an official proclamation, policy, or

edict," while a custom occurs when practices are "so permanent and well-settled as to virtually constitute law." *See id.* (citations and quotations omitted). A complaint must include "specific factual allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom." *See Torres v. City of Allentown*, No. 07-1934, 2008 WL 2600314, at *5 (E.D. Pa. June 30, 3008) (citing *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). And to bring a § 1983 municipal liability claim under *Monell*, Plaintiff must present evidence that a "policy or custom of [the City of Philadelphia] was the 'moving force' behind a violation of his [constitutional] rights." *Clark v. Regional Medical First Correctional*, 360 F. App'x 268, 269 (3d Cir. 2010).

For example, in *Torres v. City of Allentown*, cited above, the court found dismissal appropriate where the plaintiff's complaint alleged that Allentown "did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct, and that this policy/custom exhibited deliberate indifference to her constitutional rights." 2008 WL 2600314, at *5. The court viewed the complaint as insufficient, in that it "lack[ed] any specific factual allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom" and that it "fail[ed] to specifically demonstrate how the training programs for the police officers [were] inadequate." *Id.*

Here, Plaintiff makes bald, conclusory statements about the City that are untethered from the facts he otherwise pleads. By way of example, Plaintiff alleges that the City maintained a policy of not staffing sufficient providers to meet medical needs and had a policy of not treating MRSA. Compl. ¶¶ 100-102. And yet Plaintiff also alleges that he was seen by eight providers in a month, was sent to outside care, and was consistently on an antibiotic regimen, albeit one with which he disagreed. *See generally id.* Plaintiff also seeks to hold the City liable for his medical

care, even where he specifically states that the City of Philadelphia "has outsourced the medical care for inmates to the Defendant Corizon." *Id.* ¶ 97.

In sum, Plaintiff fails to state a claim for municipal liability, both because he fails to state a claim of constitutional harm and certainly fails to sufficiently allege facts that might suggest the City of Philadelphia could be responsible for same.

## V. <u>CONCLUSION</u>

For the reasons set forth above, the Court should dismiss Plaintiff's claims against the City of Philadelphia and Bruce Herdman, PDP Chief of Medical Operations.

Respectfully submitted,

*/s/ Matthew K. Hubbard*

Date: September 15, 2022

Matthew Kevin Hubbard
Senior Attorney
Pa. Attorney ID No. 44110
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5391 (Phone)
215-683-5397 (Fax)
matthew.hubbard@phila.gov

*Attorney for Defendants City of Philadelphia and Bruce Herdman*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GREGORY BARROW,** : | |
| **Plaintiff,** : | |
| : | Civil Action |
| v. : | No. 2:22-cv-03322-GAM |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| **Defendants.** : | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date below, the foregoing Motion to Dismiss Plaintiff's Complaint, brought by Defendants City of Philadelphia and Bruce Herdman, was filed via the Court's electronic filing system and is available for viewing and downloading.

Respectfully submitted,

Date: September 15, 2022

*/s/ Matthew K. Hubbard*
Matthew Kevin Hubbard
Senior Attorney
Pa. Attorney ID No. 44110
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5391 (Phone)
215-683-5397 (Fax)
matthew.hubbard@phila.gov

10