IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Gregory Barrow | : | CIVIL ACTION |
|          Plaintiff, | : | No.: |
| | : | TRIAL BY JURY DEMANDED |
| v. | : | |
| | : | |
| City of Philadelphia, et al. | : | |
|          Defendants. | : | |
| | : | |

## JOINT REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on February 7, 2023 and submit the following report of their meeting for the Court's consideration:

**1. Discussion of Claims, Defenses, and Relevant Issues**

You should assume that the court has read the complaint and is familiar with the claims. However, the facts supporting those claims and defenses are unknown. Therefore, counsel shall set forth concisely the controlling facts that the parties contend support their claims and defenses.

If counsel contends that one or more issues of fact or law will be dispositive, they should specifically identify such issues

**A. Plaintiff's Statement of the Case**

Plaintiff was an inmate at the CFCF. Plaintiff developed a boil on his buttock and upper thigh area. The Defendants failed to give Plaintiff adequate medical care, and Plaintiff developed MRSA. Plaintiff was removed from the CFCF and transported to Nazareth Hospital where surgery was performed. The doctors removed a portion of Plaintiff's body from his lower buttocks to his upper thigh. The surgery could have been avoided had Plaintiff received the proper medical care at the CFCF at the beginning of his requests for medical help. Further, upon

return from the hospital, Plaintiff received inadequate follow-up care. Plaintiff now has a permanent injury as a result of the lack of care.

### B. Defendants' Statement of the Case

Counsel for the defendant is on trial in Chester County Court of Common Pleas. Plaintiff agreed to author this report based on discussions with the defense attorney. Plaintiff believes the Defendants' statement of the case is that Plaintiff received adequate medical care while in their custody, and the damage to Plaintiff is not permanent.

### 2. Informal Disclosures

Except in exceptional cases with a substantial quantity of documents, the parties are expected to have identified and **produced** documents falling within the definition of initial disclosures under Rule 26(a)(1) in advance of the Conference with sufficient time for opposing counsel to review them and be prepared to address them.

If the parties have not made the Rule 26(a) initial disclosures within the time required by the Court's Order scheduling the pretrial conference, they should explain why not.

**The parties have agreed to exchange initial disclosures on or before February 15, 2023.**

### 3. Formal Discovery

Describe the nature, sequence and timing of formal discovery, including any reason why the Court should consider phased discovery.

Estimate the number of depositions and state whether any depositions will occur outside the Eastern District. State whether third party discovery will be necessary, and identify the source for such discovery.

Identify any areas likely to give rise to disputes as to the proper scope of discovery, including issues of privilege or confidentiality. If a protective order is requested, counsel should agree on its terms or submit proposed orders for the Court's consideration at the Conference. Discovery should not be delayed by negotiation over the terms of a protective order.

The discovery deadline should normally be no more than 120–150 days from the date of the Rule 16 Pretrial Conference. If the parties believe there are compelling reasons for a longer period of discovery, state them.

**The parties request that fact discovery close 120 days after the Rule 16 Pretrial Conference.**

**The parties anticipate engaging in discovery regarding the following topics: the facts surrounding Plaintiff's incarceration; medical standards of care; the cause Plaintiff's injuries and damages; and the permanency of Plaintiff's injuries.  Given the early stages of this case, the parties reserve the right to engage in discovery regarding additional topics to the extent relevant issues present themselves during the course of this litigation.**

**Plaintiff intends to serve written discovery consistent with the Federal Rules of Civil Procedure.**

**The Defendants intend to serve written discovery requests directed to Plaintiff within the limits imposed by the Federal Rules of Civil Procedure.**

**The parties intend to depose all fact witnesses.**

4. Electronic Discovery

It is expected that the parties will reach an agreement on how to conduct electronic discovery, including the proper scope of such discovery. The parties are expected to address procedures to preserve electronically stored information, avoid inadvertent privilege waivers, and

determine the form in which electronic information will be produced. The cost of producing the information must be discussed. In the event the parties cannot reach such an agreement before the Rule 16 Conference, the Court will enter an order incorporating default standards. The default order can be viewed at www.paed.uscourts.gov.

**The parties agree to engage in appropriate electronic discovery, to the extent such discovery is necessary, and will equally share the cost associated with extensive electronic discovery.**

5. **Expert Witness Disclosures**

Submit a proposal on both the timing and the sequence of expert discovery. Except in unusual circumstances, the Court's scheduling order does not add time for expert depositions. Rather, it provides that any such depositions may be taken at any point until the final pretrial conference.

**Plaintiff agrees to produce any expert reports 30 days after the close of fact discovery. Defendants will produce any expert reports 30 days after the disclosure of Plaintiff's expert reports.  Rebuttal reports will be produced 14 days after the production of Defense expert reports.**

6. **Insurance Coverage**

The parties shall provide full information about any **potentially** applicable insurance, regardless of any disclaimer or reservation of rights, including the limits of coverage, potential excess coverage, deductibles, self-insured retention (SIR), and whether any deductible or SIR includes payment of counsel fees and costs.

 **The Defendants are insured through Corizon.**

7. **Settlement or Resolution**

The parties should review Local Rule 53.3 before responding. Whenever possible, plaintiff or counter-claim plaintiffs should communicate a settlement demand before the Conference. Set forth the parties' discussion about early resolution through ADR, motion or otherwise explain what steps were taken by counsel to advise the client of alternative dispute resolution options.

**The parties jointly request to go to the assigned Magistrate Judge for a settlement conference at the close of fact discovery.**

8. **Trial Date**

If a date certain is requested, state the reasons.

**The parties request that a date certain be provided following the resolution of dispositive motions, should any be filed. It is requested that a dispositive motion deadline be set for 45 days after the disclosure of rebuttal expert reports.**

9. **Length of Trial**

State the anticipated length of the trial of this matter.

**It is anticipated that the trial of this case will last three business days.**

10. Other Matters

Indicate discussions and any agreement on matters not addressed above.

**Plaintiff respectfully requests additional time to file an amended complaint after he receives the Defendants initial disclosures and responses to paper discovery.**


/s Thomas Gregory
Thomas L. Gregory, Esquire
O'Connor Kimball LLP
Two Penn Center – Ste. 1100
1500 John F. Kennedy Blvd.
Philadelphia PA 19102
tgregory@okllp.com


/s Brian J. Zeiger
Brian J. Zeiger, Esquire
Levin & Zeiger LLP
Suite 620
1500 JFK Blvd.
Philadelphia, PA 19109
zeiger@levinzeiger.com
(*Counsel for Plaintiff*)